**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY P. GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1152 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Randy P. Green's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at FCI-Memphis, Tennessee.

## Background

Petitioner pleaded guilty to conspiracy to distribute in excess of five hundred (500) grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii). *See U.S. v. Green*, 1:06CR10 CAS (E.D.Mo.). On November 7, 2006, he was sentenced to a term of 20 years' imprisonment, followed by 10 years of supervised release. The conviction and sentence were affirmed on appeal. *See U.S. v. Green*, 261 Fed. Appx. 922 (8th Cir. 2008). Movant filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on March 25, 2009. *See Green v. U.S.*, 1:09CV34 CAS (E.D.Mo.). The motion to vacate was denied by this Court on March 7, 2012. *Id.*

In the instant action brought pursuant to 28 U.S.C. § 2241, petitioner seeks relief from his sentence on the grounds that the District Court violated his due process rights when it sentenced him to an enhanced term of imprisonment based on elements of his offense that were not

submitted to nor found by the jury. *See Alleyne v. United States*, 133 S.Ct. 2151 (2013). For relief, petitioner seeks resentencing. He also alleges that he should not have been subjected to a "§ 851 enhancement" based on a prior possession charge, given that "the U.S. Supreme Court [has issued] a new opinion finding a low-level drug offense is not an 'aggravated felony' to increase sentences." *See Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013).

## Discussion

Petitioner's request for relief pursuant to § 2241 will be denied. First, this Court does not have jurisdiction to entertain the instant action, because petitioner is not located in the United States District Court for the Eastern District of Missouri's judicial district and the person having custody over him, the warden at FCI-Memphis, cannot be reached by service of process. *See Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 495 (1972).

Second, even if petitioner or his custodian were located in this district, petitioner's § 2241 application would be denied. A challenge to a federal conviction or sentence is most appropriately brought as a motion under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 217 (1952). Moreover, the United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that the remedy by means of filing a § 2255 motion is inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The Court finds nothing in petitioner=s application to establish the inadequacy or ineffectiveness of a remedy by § 2255 motion.

In addition, the Court notes that petitioner previously brought a § 2255 motion to vacate that was denied in this Court. *See Green v. U.S.,* 1:09CV34 CAS (E.D.Mo.). It may be that petitioner styled the instant action as a § 2241 petition in an effort to avoid characterization as a successive § 2255 motion; however, a § 2255 motion is not inadequate simply because it is

successive.[1]  *See Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (the "inadequate or ineffective" provision in § 2255 does not mean that habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief).

For these reasons, the Court will deny and dismiss the instant § 2241 petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner=s application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**, without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."